UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

PETER MONTANA,

                          Plaintiff,

                    -against-

RMS INDUSTRIES OF NEW YORK, INC.,
DENNIS FERRO, GERI GREGOR, S2 HR
SOLUTIONS 1A, LLC,
                        Defendants.

-------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

CV 19-2889 (DRH)(ARL)

**LINDSAY, Magistrate Judge:**

        Peter Montana ("Plaintiff") brings this action against Defendants RMS Industries of New York, Inc. ("RMS"), Dennis Ferro, Geri Gregor, and S2 HR Solutions 1A, LLC ("S2") (collectively, "Defendants"), asserting claims, *inter alia*, for disability-based discrimination. Before the Court, on referral from District Judge Hurley, is Plaintiffs' motion to disqualify counsel for Defendants, Stacey Ramis Nigro, Esq., and Simmons Jannace DeLuca LLP ("Simmons Jannace"). For the reasons set forth below, the Court respectfully recommends that the motion be denied.

## BACKGROUND

### I.    Factual Background

        Plaintiff was employed by Defendant RMS from approximately 2015 to 2018. Compl. ¶¶ 26, 30. Defendant Ferro is the Chief Executive Officer of RMS and Defendant Gregor is the Chief Operating Officer of RMS. *Id*. at ¶¶ 14, 15. On or about January 29, 2018, Plaintiff and RMS entered into an Employment Agreement, which set forth the terms and conditions of Plaintiff's

employment for RMS as Vice President of Construction Services.  *Id.* at ¶¶ 27-28. Plaintiff was terminated for cause in December 2018.  *Id*. at ¶¶ 39-41.

In the Complaint, Plaintiff asserts claims for disability-based discrimination in violation of the ADA; disability-based discrimination in violation of NYSHRL; violation of 29 USC 1166(a) and 29 CFR 2590.60-4 (failure to send plaintiff COBRA related notice(s)); breach of contract; breach of fiduciary duty; fraud; aiding and abetting fraud; unjust enrichment; and conversion.

## II.    Procedural History

Plaintiff filed the Complaint in this action on May 15, 2019.  ECF No. 1.  Defendant S2 moved to dismiss the Complaint on September 23, 2019.  ECF No. 25.  Shortly thereafter, Plaintiff requested a pre-motion conference seeking permission to move to disqualify Defendants' counsel.  ECF No. 29.  On October 17, 2019, Judge Hurley referred the request to the undersigned.[1]  At the parties' request, a briefing scheduling on the motion to disqualify was set and Plaintiff's motion to disqualify was filed on January 21, 2020.  In August 2020, Judge Hurley granted S2's motion to dismiss.

The January 2020 motion to disqualify, made by Plaintiff, seeks to disqualify Defendants' counsel Stacey Ramis Nigro, Esq., and the law firm Simmons Jannace from their representation of Defendants RMS, Dennis Ferro, and Geri Gregor, on the grounds that Ms. Nigro's involvement in certain underlying events make her a necessary witness to these proceedings. According to Plaintiff, "during discovery, it was established that at least two (2) meetings

---

[1] Plaintiff did not move to disqualify counsel from representing S2, only Defendants RMS, Dennis Ferro, and Geri Gregor.

transpired wherein Defendants were made aware of both Plaintiff's disability and his anticipated need for surgery. Compounding the matter, Plaintiff confirmed Ms. Nigro's presence and participation in these meetings."  Pl. Mem. at 12.

## DISCUSSION

### I.      The Standard for Disqualification

"The authority of federal courts to disqualify attorneys derives from their inherent power to 'preserve the integrity of the adversary process.'" *Hempstead Video, Inc. v. Inc. Village of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005) (citing *Bd. of Educ. v. Nyquist,* 590 F.2d 1241, 1246 (2d Cir. 1979)).  Thus, "Second Circuit precedent is the 'only truly binding authority on disqualification issues.'"  *BT Holdings, LLC v. Vill. of Chester,* No. 15 Civ. 1986 (JCM), 2015 U.S. Dist. LEXIS 167474, 2015 WL 8968360, at *3 (S.D.N.Y. Dec. 14, 2015) (quoting *HLP Props. v. Consol. Edison Co. of N.Y.,* 14 Civ. 01383 (LGS), 2014 U.S. Dist. LEXIS 147416, 2014 WL 5285926, at *3 (S.D.N.Y. Oct. 14, 2014)).  Second Circuit precedent is clear that courts should be reluctant to disqualify attorneys.  *See, e.g., Glueck v. Jonathan Logan, Inc*., 653 F.2d 746, 748 (2d Cir. 1981) ("[r]ecognizing the serious impact of attorney disqualification on the client's right to select counsel of his choice, we have indicated that such relief should ordinarily be granted only when a violation of the Canons of the Code of Professional Responsibility poses a significant risk of trial taint"); *Muniz v. Re Spec Corp.*, 230 F. Supp. 3d 147, 152 (S.D.N.Y. 2017) ("Disqualification is disfavored because it 'has an immediate adverse effect on the client by separating him from counsel of his choice,' and because motions to disqualify, 'even when made in the best of faith . . . inevitably cause delay'") (quoting *Nyquist*, 590 F.2d at 1246)).  In exercising this power, the Court must "attempt[] to balance a client's right freely to choose his counsel against the need to maintain the highest standard of the profession."

*Hempstead Video, Inc.*, 409 F.3d at 132 (internal quotations and citations omitted); *Vegetable Kingdom, Inc. v. Katzen*, 653 F. Supp. 917, 921 (N.D.N.Y. 1987) ("reluctance stems from concerns over the 'immediate adverse effect' disqualification has on the client separated from his lawyer . . . , the desire 'to preserve, to the greatest extent possible, . . . the individual's right to be represented by counsel of his or her choice,'. . . and the awareness that disqualification motions are being made, with increasing frequency, with purely strategic purposes in mind").

The decision whether to disqualify counsel "is a matter committed to the sound discretion of the district court." *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990); *Law Firm of Omar T. Mohammedi, LLC v. Computer Assisted Practice Elec. Mgmt. Sols.*, No. 17 Civ. 4567 (ER)(HBP), 2018 U.S. Dist. LEXIS 126143, 2018 WL 3599732 (S.D.N.Y. July 27, 2018). Here, Plaintiff argues that counsel, and her firm must be disqualified because Ms. Nigro was present at two meetings between Plaintiff and Defendants at which Plaintiff's disability was discussed. Because Plaintiff and the Defendants offer contrasting versions of discussions at the meeting, Plaintiff contends it will be necessary to call Ms. Nigro as witness since she was the only third party present at the time.

Under the New York Rules of Professional Conduct, with a few exceptions, a "lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact." Rule 3.7(a) of the New York Rules of Professional Conduct. This rule is commonly referred to as the "advocate-witness" rule. *Decker v. Nagel Rice LLC*, 716 F. Supp. 2d 228, 232 (S.D.N.Y. 2010). "Courts have interpreted this rule to require disqualification where" the movant meets its "burden of showing the necessity of the testimony and the substantial likelihood of prejudice." *Capponi v. Murphy*, 772 F. Supp. 2d 457, 471-72 (S.D.N.Y. 2009). "[T]o succeed on a motion for disqualification in these circumstances, the movant must

show 'specifically how and as to what issues in the case prejudice may occur and that the likelihood of prejudice occurring is substantial.'" *Id*. at 472 (quoting *Lamborn v. Dittmer*, 873 F.2d 522, 531 (2d Cir. 1989)). "'Prejudice' in this context means testimony that is 'sufficiently adverse to the factual assertions or account of events offered on behalf of the client, such that the bar or the client might have an interest in the lawyer's independence in discrediting that testimony.'" *Murray v. Metro. Life Ins. Co.,* 583 F.3d 173, 178 (2d Cir. 2009) (quoting *Lamborn*, 873 F.2d at 531).

Rule 3.7(a) deals with the individual attorney, rather than his or her law firm, and provides that

> [a] lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact unless:
>
> > (1) the testimony relates solely to an uncontested issue;
> >
> > (2) the testimony relates solely to the nature and value of legal services rendered in the matter;
> >
> > (3) disqualification of the lawyer would work substantial hardship on the client;
> >
> > (4) the testimony will relate solely to a matter of formality, and there is no reason to believe that substantial evidence will be offered in opposition to the testimony; or
> >
> > (5) the testimony is authorized by the tribunal.

N.Y. R. Prof'l Conduct 3.7(a).

The potential disqualification of an individual attorney for the reasons listed in Rule 3.7(a) is related to but distinct from the disqualification of a law firm by imputation under Rule 3.7(b). Rule 3.7(b) addresses the disqualification of the law firm of a lawyer-witness by imputation and provides, in relevant part, that

> [a] lawyer may not act as advocate before a tribunal in a matter if:

(1) another lawyer in the lawyer's firm is likely to be called as a witness on a significant issue other than on behalf of the client, and it is apparent that the testimony may be prejudicial to the client ... .

N.Y. R. Prof'l Conduct 3.7(b)

Disqualification by imputation under Rule 3.7(b) requires the movant to prove "by clear and convincing evidence that [A] the witness will provide testimony prejudicial to the client, and [B] the integrity of the judicial system will suffer as a result." *Murray*, 583 F.3d at 178-79. "Rule 3.7 lends itself to opportunistic abuse," and the Second Circuit has concluded that "disqualification by imputation should be ordered sparingly, and only when the concerns motivating the rule are at their most acute." *Murray*, 583 F.3d at 178.  The Second Circuit thus requires the movant, by clear and convincing evidence, to demonstrate "specifically how and as to what issues in the case the prejudice may occur and that the likelihood of prejudice occurring [to the witness-advocate's client] is substantial." *Id*.  Indeed, "plaintiffs seeking disqualification under Rule 3.7(b) must make a considerably higher showing of prejudice than would be required under Rule 3.7(a)." *Id*. at 180.

## II.     Analysis

 Plaintiff moves to disqualify Ms. Nigro pursuant to Rule 3.7(a) because "Ms. Nigro has made herself a fact witness to Plaintiff's disability claim. She was present at these meetings and participated in discussions with Plaintiff and Defendants. This is significant because Ms. Nigro will now be called as witness to testify directly on at least one of Plaintiff's claims."  Pl. Mem. at 12.[2]   According to Plaintiff, "the representations put forward by Ms. Nigro in Defendants'

---

[2] Defendants argue in opposition to Plaintiff's motion to disqualify that Plaintiff has changed the basis for his motion to disqualify from what was originally presented to the Court and therefore the motion should be denied.

Answer and the ensuing discussion concerning her participation in key events of Plaintiff's disability claim cast serious concerns as to whether this matter will proceed fairly and in conformity with prevailing ethical rules."  This argument misses the point of Rule 3.7(a) which requires disqualification when the trial attorney will be required to testify at trial and does not concern pre-trial representation.  *See, e.g., John Harris P.C. v. Tobin*, No. 16-cv-5610 (JGK), 2017 U.S. Dist. LEXIS 23895, 2017 WL 685573 (S.D.N.Y. Feb. 21, 2017) ("Moreover, the witness-advocate rule primarily concerns the trial process. . . .  The rule does not bar counsel's participation in pre-trial proceedings"); *Williams v. Rosenblatt Sec. Inc.,* No. 14 Civ. 4390, 2016 U.S. Dist. LEXIS 19752, 2016 WL 590232, at *3 (S.D.N.Y. Feb. 11, 2016) (same); *Gormin v. Hubregsen,* No. 8-cv-7674 (PGG), 2009 U.S. Dist. LEXIS 15507, 2009 WL 508269, at *2 (S.D.N.Y. Feb. 27, 2009) ("disqualification motions made pre- or during discovery are premature").  "Generally, disqualification under Rule 3.7(a) 'is triggered only when the attorney actually serves as an advocate before the jury.'"  *Bakken Res., Inc. v. Edington*, No. 15-cv-08686 (ALC), 2017 U.S. Dist. LEXIS 46847, 2017 WL 1184289, at *3 (S.D.N.Y. Mar. 29, 2017) (quoting *Finkel v. Frattarelli* Bros., 740 F. Supp. 2d 368, 373 (E.D.N.Y. 2010)).[3]

Additionally, Plaintiff argues that Ms. Nigro's testimony is necessary and prejudicial. When considering whether the testimony is necessary the Court's inquiry does not focus on

---

Def. Mem. 3-6.  Defendants contend that Plaintiff now argues there were two meetings at which counsel was present rather than the one originally identified.  This change alone does not warrant denial of Plaintiff's motion.
[3] Courts occasionally have found it appropriate to disqualify an attorney at an earlier stage. *See, e.g., Sea Trade Mar. Corp. v. Coutsodontis,* No. 09-cv-0488 (BSJ) (HBP), 2011 U.S. Dist. LEXIS 80668, 2011 WL 3251500, at *11 (S.D.N.Y. July 25, 2011) (dismissal where clear that attorneys would be crucial trial witnesses); *Gorbaty v. Wells Fargo Bank, N.A.*, No. 10-cv-3291 (NGG), 2011 U.S. Dist. LEXIS 9541, 2011 WL 318090, at *3 (E.D.N.Y. Feb. 1, 2011) (plaintiff would not agree to forgo attorney serving as trial counsel).  Both of those cases, however, are readily distinguishable from the facts presented here.  In *Sea Trade Mar. Corp.*, the court ordered disqualification of two attorneys who provided Defendant advice because advice of counsel was presented as a defense in the action and therefore this testimony was necessary to prove that defense.  The Court did not, however, disqualify the firm and allowed a different attorney to step in as trial counsel.  In *Gorbaty,* Plaintiff sought to be represented by her husband, who was also a co-borrower on the loan which formed the basis of the litigation and who signed all of the documents critical to the action and who was mentioned numerous times throughout the complaint.

whether the attorney possesses discoverable knowledge, but rather whether trial of the case will in fact require his testimony. *Wachovia Bank, Nat. Ass 'n v. Focus Kyle Grp., LLC*, 896 F. Supp. 2d 330, 332 (S.D.N.Y. 2012). The court "examine[s] factors such as the significance of the matters, weight of the testimony, and availability of other evidence." *Finkel,* 740 F. Supp. 2d at 373 (citation and internal quotation marks omitted). The availability of other witnesses on the same testimony is considered "fatal to the 'necessity' prong of the disqualification inquiry." *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 126 F. Supp. 3d 413, 423 (S.D.N.Y. 2015); *see also Tapestry, Inc. v. Niche Corp.*, No. 19 Civ. 11777 (AT), 2020 U.S. Dist. LEXIS 85528 (S.D.N.Y. May 4, 2020) (presence of others at meeting in question make attorney's testimony unnecessary); *Hecklerco, LLC v. Yuuzoo Corp. Ltd.,* No. 15cv5779 (VM) (DF), 2016 U.S. Dist. LEXIS 177746, 2016 WL 7742783, at *4 (S.D.N.Y. Dec. 16, 2016) ("Where an attorney's testimony would be cumulative or corroborative of that provided by other witnesses, the testimony cannot be said to be necessary, and disqualification is inappropriate"); *Shabbir v. Pakistan Int'l Airlines*, 443 F. Supp. 2d 299, 308 (E.D.N.Y. 2005) ("[A] lawyer who could provide only cumulative testimony may act as trial counsel."). Here, Plaintiff admits that both Plaintiff and Defendants were present at the meeting at issue. While at some point it may be necessary to corroborate one side or the other, it is far from clear at this point that Ms. Nigro's testimony regarding conversations at these meetings will be required, particularly since Ms. Nigro has stated under oath that she "did not engage in any direct discussions with plaintiff or overhear any discussions with plaintiff about his alleged knee condition or alleged disability or surgery." Nigro Decl. at ¶ 8.

To prevail on a motion to disqualify, "the movant must demonstrate both that the lawyer's testimony is 'necessary' and that there exists a 'substantial likelihood that the testimony would be

prejudicial to the witness-advocate's client.'" *Acker v. Wilger*, 12 Civ. 3620 (JMF), 2013 U.S. Dist. LEXIS 47606, 2013 WL 1285435 at *1 (S.D.N.Y. Mar. 29, 2013) (citing *Finkel,* 740 F. Supp. at 373).  Testimony is "prejudicial" only if it is "sufficiently adverse to the factual assertions or account of events offered on behalf of the client, such that the bar or the client might have an interest in the lawyer's independence in discrediting that testimony."  *Lamborn*, 873 F.2d at 531 (internal quotation marks omitted).  "Speculation as to the testimony that counsel would give is not sufficient to support a motion to disqualify." *Finkel*, 740 F. Supp. 2d at 376 (citing *Capponi,* 772 F. Supp. 2d at 472; Donaghy, 858 F. Supp. at 394).  Plaintiff has failed to demonstrate that Ms. Nigro's testimony would in any way be prejudicial to her clients.  *See John Wiley*, 126 F. Supp. 3d at 423 (plaintiffs "fail to specify . . . how [attorney's] testimony would conflict with or be sufficiently adverse to [defendants] and why there is a substantial likelihood of prejudice."). As discussed above, Ms. Nigro has submitted a declaration indicating she has no knowledge which is contradictory to any position taken by her clients. Plaintiff "'invites th[e] court to speculate that if called to testify, [Ms. Nigro] might contradict . . . testimony given by [defendants];' however, the case law is clear that allegations based on conjecture do not suffice." *Nimkoff Rosenfeld & Schechter, LLP v. RKO Props., Ltd.,* No. 07 Civ. 7893 (DAB)(HBP), 2014 U.S. Dist. LEXIS 38655, at *25 (S.D.N.Y. Mar. 24, 2014)  (quoting *In re Galaxy Assocs.*, 114 B.R. 11, 14 (D. Conn. 1990) (additional citations omitted); *see also Acker*, 2013 WL 1285435 at *3 (denying motion to disqualify where defendants "fail[ed] even to assert, let alone show, that [plaintiff's counsel's] testimony would differ from Plaintiff's, or that any difference would be substantially prejudicial to Plaintiff, two key components of the disqualification analysis").  All evidence presented indicates that Ms. Nigro's testimony would be consistent with her clients' and therefore will not be either necessary or prejudicial.

9

Indeed, "[t]his case may never proceed to trial — due, for example, to settlement or to resolution of a dispositive motion, . . . — and, even if it did, [the attorney] might be able to serve on the trial team without running afoul of Rule 3.7, by not advocating before the jury." *Goodwine v. City of New York*, No. 15-CV-2868 (JMF), 2016 U.S. Dist. LEXIS 11149, 2016 WL 379761, at *4 (S.D.N.Y. Jan. 29, 2016) (citing *Murray,* 583 F.3d at 179 (noting that a trial witness who was a member of the defendant's trial team, but who would not "act as an advocate before the jury," is not "properly considered trial counsel for purposes of Rule 3.7(a)")). "[N]o disqualification should occur until it is apparent the attorney's testimony is itself admissible and necessary because disqualification is highly prejudicial to the non-movant." *Persh v. Petersen*, 15 Civ. 1414, 2015 U.S. Dist. LEXIS 135186, 2015 WL 5773566 at *3 (S.D.N.Y. Oct. 2, 2015).

Given the early stage of this litigation, coupled with Plaintiff's failure to demonstrate that any testimony to be provided by Ms. Nigro would be necessary or prejudicial to her clients, this Court respectfully recommends the Plaintiff's motion to disqualify Ms. Nigro, be denied without prejudice to refiling at the appropriate juncture.

With respect to Plaintiff's motion to disqualify the firm of Simmons Jannace, Plaintiff is required to demonstrate by "by clear and convincing evidence that [A] the witness will provide testimony prejudicial to the client, and [B] the integrity of the judicial system will suffer as a result." *Murray*, 583 F.3d at 178-79.  Plaintiff has failed to meet this exacting standard.  As noted above, Plaintiff has failed to present evidence indicating that any testimony by Ms. Nigro would be prejudicial to her clients and therefore Plaintiff's motion to disqualify the firm of Simmons Jannace must be denied a well.

Accordingly, the Court respectfully recommends that Plaintiff's motion to disqualify Simmons Jannace be denied.

# OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Any requests for an extension of time for filing objections must be directed to Judge Hurley prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Mejia v. Roma Cleaning, Inc*., No. 17-3446, 2018 U.S. App. LEXIS 28235, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997).

Dated:  Central Islip, New York
        September 24, 2020

                            _____/s/_____
                            ARLENE R. LINDSAY
                            United States Magistrate Judge

11