UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

PETER MONTANA,

                        Plaintiff,                    **REPORT AND RECOMMENDATION**

                                                                                CV 19-2889 (DRH)(ARL)

      -against-

RMS INDUSTRIES OF NEW YORK, INC.,
DENNIS FERRO, GERI GREGOR, S2 HR
SOLUTIONS 1A, LLC,

                        Defendants.

------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Peter Montana ("Plaintiff") brings this action against Defendants RMS Industries of New York, Inc., Dennis Ferro, Geri Gregor, and S2 HR Solutions 1A, LLC ("S2") (collectively, "Defendants"), asserting claims, *inter alia*, for disability-based discrimination. Before the Court, on referral from District Judge Hurley, is S2's motion for attorney's fees. For the reasons set forth below, the Court respectfully recommends that the motion be denied.

## BACKGROUND

### I.     Factual Background

      According to Plaintiff, he founded RMS Industries, Inc.,[1] in or around October 1, 2010. Affidavit of Peter Montana dated Oct. 10, 2020 ("Montana Aff.") at ¶3. At the time, he was vice president of RMS Industries, Inc. and its co-founder, Frank Loria, was President. *Id*. at ¶ 4. On or about August 14, 2014, RMS Industries, Inc. entered into a Client Service Agreement

---

[1] In its moving papers S2 defines RMS Industries of New York, Inc., the defendant in these proceedings, as RMS and then referrers to the parties to the CSA as RMS. However, RMS Industries of New York , Inc. was not a party to the CSA, rather, RMS Industries, Inc was the entity named in that agreement.

("CSA") with ENGAGE PEO, which included a Personal Guarantee signed by Plaintiff. *Id*. at ¶ 5; *see* Exhibit A to S2's Motion for Attorney's Fees. S2 does business as Engage PEO. *See* Declaration in Support of Defendant S2 HR Solutions 1A, LLC's Motion for Attorneys' Fees and Costs, submitted by Stacey Ramis Nigro, counsel for S2 ("Nigro Decl."), at ¶ 6. In 2015, RMS Industries, Inc. ceased its corporate operations. At the time, the assets of the business were sold to Defendant Dennis Ferro. Montana Aff. at ¶ 12.

According to S2, RMS Industries of New York, Inc. "is an HVAC company that was formed by defendant Dennis Ferro ("Ferro") on or about March 26, 2015, after purchasing the assets of a former HVAC business where plaintiff was previously employed." Nigro Decl. at ¶6. Plaintiff was employed by Defendant RMS Industries of New York, Inc. from approximately 2015 to 2018. Compl. ¶¶ 26, 30. Defendant Ferro is the Chief Executive Officer of RMS Industries of New York, Inc., and Defendant Gregor is the Chief Operating Officer. *Id*. at ¶¶ 14, 15. On or about January 29, 2018, Plaintiff and RMS Industries of New York, Inc. entered into an employment agreement, which set forth the terms and conditions of Plaintiff's employment. *Id.* at ¶¶ 27-28. Plaintiff was terminated for cause in December 2018. *Id*. at ¶¶ 39-41.

In the Complaint, Plaintiff asserts claims against RMS Industries of New York, Inc, Ferro and Gregor for disability-based discrimination in violation of the ADA; disability-based discrimination in violation of NYSHRL; violation of 29 USC 1166(a) and 29 CFR 2590.60-4 (failure to send plaintiff COBRA related notice(s)); breach of contract; breach of fiduciary duty; fraud; unjust enrichment; and conversion. Plaintiff asserts a claim for aiding and abetting fraud against S2.

## II.     Procedural History

Plaintiff filed the Complaint in this action on May 15, 2019.  ECF No. 1.  Defendant S2 moved to dismiss the Complaint on September 23, 2019.  ECF No. 25.  On August 26, 2020, Judge Hurley granted S2's motion to dismiss. ECF No. 48 ("Aug. 20 Order").  In connection with his decision on the motion to dismiss, Judge Hurley noted that "S2 argues that it is entitled to attorneys' fees based on the terms of a Client Services Agreement between RMS and S2" and "S2 contends that because Plaintiff personally guaranteed the Client Services Agreement, it is entitled to recover directly from Plaintiff." Aug. 20 Order at 13.  The Court held that "given the absence of documentation in support of attorneys' fees and costs, such as an accounting of the hours incurred by S2's counsel, the Court declines to consider the request at this time." *Id*.  S2 was provided a briefing schedule for its motion for attorney's fees.

S2 filed that motion on November 4, 2020 seeking attorney's fees and costs totaling $28,895.92.  Nigro Decl. at ¶ 3.  On November 5, 2020, Judge Hurley referred the motion to the undersigned "to issue a Report & Recommendation as to whether the motion for attorney's fees should be granted."

## DISCUSSION

In considering a motion for attorney's fees, "the threshold issue . . . is always entitlement." *Universal Physician Services, LLC v. Del Zotto*, No. 8:16-cv-1274-T-36JSS, 2017 U.S. Dist. LEXIS 9020, 2017 WL 343905 at *2 (M.D. Fla. Jan. 6, 2017).  Although the "American Rule" generally requires each party to bear its own attorneys' fees, "a federal court will enforce contractual rights to attorneys' fees if the contract is valid under applicable state law." *McGuire v. Russell Miller, Inc.*, 1 F.3d 1306, 1312-13 (2d Cir. 1993) (citations omitted); *see also Branch Banking & Trust Co. v. Kraz, LLC (In re Kraz, LLC),* No. 8:17-cv-1555-T-27,

3

2020 U.S. Dist. LEXIS 193501, 2020 WL 6152674 (M.D. Fla. Oct. 20, 2020) ("Generally, a party is not entitled to attorney's fees absent express statutory or contractual authority").  Here, the CSA provides it shall be governed by Florida law, thus the Court must consider the parties rights under the CSA pursuant to Florida law.[2]  *See* Exhibit A to S2's Motion for Attorney's Fees at 12(j).

Under Florida law "courts must strictly construe contractual provisions for attorney's fees." *Premier Trailer Leasing v. Dm World Transp.*, No. 8:19-cv-2558-T-60AAS, 2020 U.S. Dist. LEXIS 247604 (M.D. Fla. Dec. 31, 2020).  "A party seeking to recover attorneys' fees under Florida law bears the burden of establishing a contractual or statutory right to such an award." *Plum Creek Technology, LLC v. Next Cloud, LLC*, No. 8:19-cv-1974-T-60CPT, 2020 U.S. Dist. LEXIS 107626, 2020 WL 3317897, at *1 (M.D. Fla. June 3, 2020), report and recommendation adopted, 2020 WL 3288033 (M.D. Fla. June 18, 2020).  Here, S2 claims to have a contractual right to the recovery of attorney's fees pursuant to the CSA.

The named parties to the CSA are RMS Industries, Inc. and Engage PEO.  *See* Exhibit A to S2's Motion for Attorney's Fees.  As discussed above, RMS Industries, Inc. in an entity formed by Plaintiff and S2 does business as Engage PEO.  "Under Florida law, contractual language, when possible, is to be interpreted according to its plain meaning and in accordance with generally accepted rules of construction to give effect to the intent of the parties." *Int'l Fid. Ins. Co. v. Americaribe-Moriarty JV*, 906 F.3d 1329, 1336 (11th Cir. 2018) (citing *Intervest Constr. of Jax, Inc. v. Gen. Fid. Ins. Co.*, 133 So. 3d 494, 497 (Fla. 2014)).  Specifically, a contract providing for indemnification is "subject to the general rules of contractual construction,

---

[2] Neither party has provided the Court with an analysis of applicable Florida law.

4

such that an indemnity contract must be construed based on the intentions of the parties." *Id*. (citing *Dade Cty. Sch. Bd. v. Radio Station WQBA*, 731 So. 2d 638, 643 (Fla. 1999)). "The parties' intentions are determined by considering the contract's language and the circumstances in which the parties agreed to the contract." *Dais Analytic Corp. v. Soex (Hong Kong) Indus. & Inv. Co. Ltd.*, No. 8:15-cv-2362-T-35AAS, 2019 U.S. Dist. LEXIS 89124, 2019 WL 2207462 (M.D. Fla. 2019) (citing *Univ. Plaza Shopping Ctr. v. Stewart*, 272 So. 2d 507, 511 (Fla. 1973); *Improved Benevolent & Protected Order of Elks of World, Inc. v. Delano*, 308 So. 2d 615, 617 (Fla. 3d Dist. Ct. App. 1975) (citation omitted)).

In opposition to S2's motion for attorney's fees, Plaintiff argues that the party to the CSA was RMS Industries, Inc., an entity that no longer exists, and that his claims against S2 arose from services it provided to RMS Industries of New York, Inc, an entity that was not a party to the CSA. Plaintiffs Memorandum of Law in Opposition to Defendant S2 HR Solutions 1A, LLC's Motion For Attorneys' Fees And Costs ("Pl. Mem.") at 5-9. As noted by Plaintiff, RMS Industries of New York, Inc. had not been created at the time this contract was entered, and indeed, while the names are similar, the controlling parties of these two entities are not the same. *Id.* at 7. S2 has not responded to this argument, but rather provides an affidavit of Dennis Ferro, owner of RMS Industries of New York, Inc. stating it was his understanding that RMS Industries of New York, Inc. was operating under the CSA.[3] RMS Industries of New York, Inc., however, was not a party to the CSA and therefore his "understanding" is irrelevant for purposes of determining the intent of the contracting parties. The plain language of the CSA does not

---

[3] According to S2, Ferro's "understanding" is "that the Client Service Agreement executed by RMS Industries, Inc., on or about August 14, 2014, is still in full force and effect and has not been terminated. A search of our business records has been performed and we have not located any new or subsequent Client Service Agreement and to the best of our knowledge, S2 HR and RMS Industries of New York, Inc., continue to perform under that Client Service Agreement." Affidavit of Dennis Ferro dated November 4, 2020 at ¶2.

identify RMS Industries of New York, Inc. and provides that all assignments must be approved in writing.[4]  No assignment has been provided.  Thus, based upon the evidence presented by S2, this Court cannot conclude that the parties to the CSA intended to indemnify each other for actions taken by RMS Industries of New York, Inc., the defendant in this lawsuit. S2 has failed to meet its burden of establishing a contractual right to attorney's fees, accordingly, the undersigned respectfully recommends that S2's motion for attorney's fees be denied.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  Any requests for an extension of time for filing objections must be directed to Judge Hurley prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Mejia v. Roma Cleaning, Inc.*, No. 17-3446, 2018 U.S. App. LEXIS 28235, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997).

Dated: Central Islip, New York
　　　　July 19, 2021

　　　　　　　　　　　　　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　　　　　　ARLENE R. LINDSAY
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[4]The CSA  provides that "[n]either party may assign its rights or obligations under this Agreement without the prior written consent of the other." CSA at 12(d).

6